IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO FLEMMING,**

    **Plaintiff,**

    v.                                              CASE NO. 21-3121-SAC

**CORE CIVIC DETENTION CENTER,**

    **Defendant.**

## O R D E R

Plaintiff, Antonio Flemming, who is currently incarcerated at the CoreCivic Leavenworth Detention Center in Leavenworth, Kansas, filed this civil rights case in the Western District of Missouri. The case was transferred to this Court on May 6, 2021. Plaintiff names the Core Civic Detention Center as the sole defendant.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff's alleges in his Complaint that he was retaliated against for filing grievances. He claims that he is being held in captivity at CoreCivic and the detention center used its Sort

---

[1] Prior to filing the instant complaint on April 23, 2021, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Flemming v. Baker*, Case No. 20-3097-SAC (dismissed for failure to state a claim on August 28, 2020) (Doc. 11) (D. Kan.); *Flemming v. Core Civic*, Case No. 20-3321-SAC (dismissed for failure to state a claim on March 4, 2021) (Doc. 8) (D. Kan.); *Flemming v. Core Civic*, Case No. 21-3087-SAC (dismissed for failure to state a claim on March 23, 2021) (Doc. 6) (D. Kan.).

Team to apply "corporal tactics" to get back at Plaintiff.  Plaintiff alleges that the Sort Team was used on numerous occasions to mentally and physically harm Plaintiff.  Plaintiff also alleges a conspiracy.  Plaintiff seeks monetary damages.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.  "Vague and utterly conclusory assertions are insufficient." *Davis*,  696 F. App'x at 854.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id*. (citations omitted).   Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 24, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated May 7, 2021, in Topeka, Kansas.

                                           **s/ Sam A. Crow**
                                           **SAM A. CROW**
                                           **U. S. Senior District Judge**