IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO FLEMMING,**

    **Plaintiff,**

v.                                                      CASE NO. 21-3121-SAC

**CORE CIVIC DETENTION CENTER,**

    **Defendant.**

## O R D E R

Plaintiff, Antonio Flemming, who is currently incarcerated at the CoreCivic Leavenworth Detention Center in Leavenworth, Kansas, filed this civil rights case in the Western District of Missouri. The case was transferred to this Court on May 6, 2021. Plaintiff names the Core Civic Detention Center as the sole defendant. On May 7, 2021, the Court entered an Order (Doc. 5) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) and granting Plaintiff until May 24, 2021 in which to pay the $402 filing fee. The Order provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 5, at 2.)

Plaintiff has not submitted the filing fee by the Court's deadline. Instead, Plaintiff has filed a Motion to Continue Law Suit Forma Pauperis (Doc. 6) and Motion for Duces Tecum Subpoena for Video Surveillance (Doc. 7). In the motion to continue in forma pauperis, Plaintiff alleges that he was in imminent danger at the time he filed his Complaint in this case. He alleges that he was assigned to D-Pod 106 cell and that prior to Plaintiff being housed in that cell it had "burned up." Plaintiff alleges that the cell still has smoke damage and "live wires that hang from a socket." Plaintiff alleges that this poses a danger to him because he could get shocked at any

given time when using the toilet or washing his hands. (Doc. 6, at 1.) Plaintiff alleges that on November 5, 2020, he woke up choking on smoke that was entering his cell and it took staff 5 to 10 minutes to arrive. *Id*. at 2. Plaintiff alleges that he was taken to the hospital and did not receive proper bedding when he returned from the hospital. Plaintiff also alleges that he suffered an asthma attack on January 1, 2021, and was unable to call for help because the intercom in his cell was not working. Plaintiff also alleges that he fell out of the top bunk and received a concussion and other injuries. *Id*. at 3.

Plaintiff filed this case on April 23, 2021. The incidents that Plaintiff complains of occurred months prior to the filing of this action. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court finds no showing of imminent danger of serious physical injury. "Vague and utterly conclusory assertions are insufficient." *Davis*, 696 F. App'x at 854. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). Accordingly, pursuant to § 1915(g) Plaintiff may not proceed

in forma pauperis in this civil action. Plaintiff has failed to submit the filing fee by the Court's deadline. The Court's Order provided that "[i]f he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914." (Doc. 5, at 2.)

IT IS THEREFORE ORDERED BY THE COURT that this matter is **dismissed without prejudice.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue Law Suit Forma Pauperis (Doc. 6) and Motion for Duces Tecum Subpoena for Video Surveillance (Doc. 7) are **denied.**

IT IS SO ORDERED.

Dated May 25, 2021, in Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge